UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HUMVEE EXPORT, LLC,

    Plaintiff,

v.

ECO VEHICLE SYSTEMS, INC.,

    Defendant.
_____/

Case No. 18-cv-12962

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
ANTHONY P. PATTI

**OPINION AND ORDER STRIKING PLAINTIFF'S RESPONSE [#14] TO DEFENDANT'S MOTION TO DISMISS, GRANTING DEFENDANT'S MOTION TO DIMSISS [#9], AND DENYING PLAINTIFF'S EMERGENCY MOTION FOR RETURN OF PROPERTY [#7] AS MOOT**

**I. INTRODUCTION**

Plaintiff Humvee Export, LLC initiated this breach of contract action on September 20, 2018. Dkt. No. 1. On October 12, 2018, Plaintiff filed an Emergency Motion for Return of Property, fearing that Defendant Eco Vehicle Systems, Inc. would damage, destroy, conceal, dispose of, or substantially impair the value of the property at issue in the parties' contractual agreement prior to a final judgment by this Court. Dkt. No. 7. In response, Defendant filed a Motion to Dismiss on October 18, 2018, arguing the claims set forth in Plaintiff's Complaint are subject to a mandatory arbitration agreement, and thus, the issues in Plaintiff's Motion are not for the Court to decide. Dkt. No. 9.

Present before the Court are Plaintiff's Emergency Motion for Return of Property [#7] and Defendant's Motion to Dismiss [#9]. A Hearing on these Motions was held on December 20, 2018. At the Hearing, Defendant moved to strike Plaintiff's Response [#14] to the Motion to Dismiss as untimely. The Court GRANTED that Motion, and thus, Plaintiff's Response was not considered in ruling on the pending Motions. For the reasons stated on the record and set forth below, the Court will GRANT Defendant's Motion to Dismiss [#9] and DENY Plaintiff's Emergency Motion for Return of Property [#7] as MOOT.

## II. BACKGROUND

On January 31, 2018, Plaintiff entered into a vehicle assembly agreement with Defendant. Dkt. No. 1, p. 4 (Pg. ID 4). As part of this agreement, Defendant was required to assemble and upfit several C-Series Humvee vehicles from forty-five vehicle kits that Plaintiff provided. *Id.* at pp. 4-5 (Pg. ID 4-5). The agreement set deadlines for Defendant to complete the work and Plaintiff made advance payments in the amount of $720,000 to fund Defendant's work. *Id.* Plaintiff alleges that Defendant has not adhered to the build schedule and that thirty-six vehicle kits remain in Defendant's possession. *Id.* at pp. 4, 6 (Pg. ID 4, 6). Therefore, Plaintiff alleges that Defendant breached the contractual agreement and committed common law and statutory conversion. *Id.* at pp. 7-8 (Pg. ID 7-8).

Importantly, the parties' vehicle assembly agreement contains a binding arbitration provision. *Id.* at p. 17 (Pg. ID 17). That provision provides:

> Section 5.2. <u>Dispute Resolution.</u> The Parties agree that should any dispute arise pursuant to this Agreement, the Parties shall negotiate in good faith to promptly resolve any dispute. In the event the Parties are unable to resolve the issue or dispute between them, then the matter shall be mediated in an attempt to resolve any and all issues between the Parties. If not resolved through mediation, the Parties then shall submit to final and binding arbitration. Any decision reached by the Arbitrator shall be final and binding and, if required, may be entered as a judgment in any court having jurisdiction.

*Id.* According to Defendant, Plaintiff filed the instant action while the parties were negotiating a resolution and before the dispute was ever submitted to an arbitrator. Dkt. No. 9, p. 10 (Pg. ID. 90). Hence, Defendant moves to dismiss Plaintiff's Complaint for a failure to abide by the binding arbitration provision.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss to enforce an arbitration agreement is properly brought and reviewed under Rule 12(b)(6). *Knight v. Idea Buyer, LLC*, 723 Fed. Appx. 300, 301 (6th Cir. 2018) (citing *Teamsters Local Union 480 v. United Parcel Serv., Inc.*, 748 F.3d 281, 286 (6th Cir. 2014)). To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must comply with the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). *See Ashcroft v. Iqbal*,

556 U.S. 662, 677-78 (2009). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted) (quoting FED. R. CIV. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 678–80 (applying the plausibility standard articulated in *Twombly*).

When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of his or her factual allegations as true. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). However, the Court need not accept mere conclusory statements or legal conclusions couched as factual allegations. *See Iqbal*, 556 U.S. at 678.

In ruling on a motion to dismiss, the Court may consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The Court must also consider "documents incorporated into the complaint by reference,

and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## IV. DISCUSSION

### A. The Court will Grant Defendant's Motion to Dismiss

Defendant asserts that the claims raised in Plaintiff's Complaint fall squarely within the scope of the parties' arbitration agreement, which is valid, binding, enforceable, and mandatory under the Federal Arbitration Act. Dkt. No. 9, p. 5 (Pg. ID 85). As such, Defendant argues that the issues set forth in Plaintiff's Complaint and Emergency Motion for Return of Property are not for the Court to decide. *Id.* at p. 8 (Pg. ID 88). The Court will agree.

Title 9, Section 2 of the Federal Arbitration Act (hereinafter "FAA") provides, in relevant part, that a written provision in a "contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Supreme Court has recognized that the FAA establishes "a liberal federal policy favoring arbitration agreements." *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). Even more,

that the FAA "requires courts to enforce agreements to arbitrate according to their terms." *Id.*

"[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp.*, 565 U.S. at 24-25. Indeed, "any doubts are to be resolved in favor of arbitration 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *Nestle Waters N. Am., Inc. v. Bollman*, 505 F.3d 498, 504 (6th Cir. 2007) (quoting *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 584-85 (1960)).

Here, the parties' vehicle assembly agreement clearly evidences a transaction involving commerce, as defined by the FAA. *See* 9 U.S.C. § 1 (defining "commerce" as commerce among the several states or within foreign nations). Plaintiff is a Michigan limited liability company and Defendant is an Indiana limited liability company, and the agreement involves the exchange of services for payment. Dkt. No. 9, p. 12-13 (Pg. ID 92-93). Hence, the FAA governs the arbitration provision found in the vehicle assembly agreement.

Notably, Plaintiff's Complaint alleges that Defendant failed to adhere to the build schedule contained in the vehicle assembly agreement. Dkt. No. 1. Further, that Defendant has unlawfully retained possession of Plaintiff's property. *Id.* This is important because section 4.2 of the vehicle assembly agreement addresses the

parties' rights and obligations in the event of a material breach of its terms. *Id.* at p. 16 (Pg. ID 16). Section 4.2 states the following:

> Any Party may terminate this Agreement prior to the expiration of the then applicable term if the other Party commits a Material Breach and fails to remedy such Material Breach to the reasonable satisfaction of the non-defaulting party within a period of fifteen (15) days after receipt of written notice describing the Material Breach. For [Defendant], a Material Breach shall be the failure to deliver Vehicles which meet the material aspects of the Specifications or the failure to deliver Vehicles in the quantity determined by the mutually agreed upon build schedule; provided.

*Id.* From this, it follows that Plaintiff alleges Defendant committed a material breach of the agreement.

This fact is critical because the arbitration provision in the parties' vehicle assembly agreement covers "any dispute" that arises pursuant to the agreement. *See id.* at p. 17 (Pg. ID 17). This means that a dispute surrounding a material breach of the agreement necessarily falls within the arbitration provision. The same holds true for Plaintiff's tort claim for common law and statutory conversion. *See Dobson v. Counsellors Sec., Inc.*, 1995 WL 871004, at *5 (E.D. Mich. Sept. 13, 1995) (holding "broadly-worded arbitration provisions to arbitrate 'any dispute' cover claims of breach of provisions of the contract, as well as a panoply of 'tort' claims arising out of the contractual relationship").

In short, the Court finds that the binding arbitration provision in the parties' vehicle assembly agreement governs the claims raised in Plaintiff's Complaint. Consequently, Plaintiff fails to state a claim upon which relief can be granted.

Accordingly, the Court will grant Defendant's Motion to Dismiss [#9] under Federal Rule of Civil Procedure 12(b)(6).

### B. The Court will Deny Plaintiff's Emergency Motion for Return of Property as Moot.

Plaintiff filed an Emergency Motion for Return of Property pursuant to Michigan Court Rule 3.105(E)(1). Dkt. No. 7. However, because the Court has granted Defendant's Motion to Dismiss, the Court must deny Plaintiff's Emergency Motion [#7] as moot.

Moreover, to the extent that Plaintiff's Motion could be construed as a request for injunctive relief under Federal Rule of Civil Procedure 65, Plaintiff has not demonstrated irreparable harm. An arbitrator could award damages in this matter, such as to cover any harm that may have resulted from a breach of contract. *See Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 102-03 (6th Cir. 1982) ("[T]his court has never held that a preliminary injunction may be granted without any showing that the plaintiff would suffer irreparable injury without such relief . . . equity has traditionally required irreparable harm before an interlocutory injunction may be issued.").

## V. CONCLUSION

For the reasons discussed herein, the Court will GRANT Defendant's Motion to Dismiss [#9] and DENY Plaintiff's Emergency Motion for Return of Property [#7] as MOOT.

IT IS SO ORDERED.

Dated: December 21, 2018

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, December 21, 2018, by electronic and/or ordinary mail.

s/Teresa McGovern
Case Manager